**No. 56286.**—Cigogne, Inc. *v.* United States, protest 177076–K (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE SECOND DIVISION, JANUARY 22, 1952

**No. 56287.**—Oxford University Press, New York, Inc. *v.* United States, protest 174832–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the electrotype plates are similar in all material respects to those the subject of *Oxford University Press, N. Y., Inc.* v. *United States* (20 Cust. Ct. 78, C. D. 1088), the claim of the plaintiff was sustained.

**No. 56288.**—John S. Connor and Metal Traders, Inc. *v.* United States, protests 162482–K and 162483–K (Baltimore).

Opinion by LAWRENCE, J. It was stipulated that certain items of the merchandise consist of steel scrap; that said scrap is a ferrous material in chief value of metal; and that it is secondhand or waste or refuse fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 56289.**—Schall & Co. *v.* United States, protest 173426–K (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as the paper boxes the subject of *B. Shackman & Co.* v. *United States* (26 Cust. Ct. 111, C. D. 1309), the claim of the plaintiff was sustained.

**No. 56290.**—Oxford University Press, N. Y., Inc. *v.* United States, protest 174831–K (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that certain items of the merchandise consist of maps similar in all material respects to those the subject of Abstract 52065, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JANUARY 23, 1952

**No. 56291.**—Salvatore Roselli Memorials *v.* United States, petition 6779–R. (Pittsburgh).

Opinion by MOLLISON, J. It appeared from the record that the pieces in question were imported for installation in a cemetery in Connellsville, Pa., and that the petitioner had previously contracted for their execution or fabrication in Italy at a cost of $555. Prior to importation, at the request of the foreign shipper, petitioner had forwarded an advance payment of $150. When the invoice was received, instead of showing the total purchase price of the merchandise, it showed only the balance remaining to be paid, i. e., $405. Because of the fact that the petitioner believed the entire memorial to be entitled to free entry as original sculptures or statuary under paragraph 1807, Tariff Act of 1930, he did not examine the invoice when it was received but forwarded it to a customs broker with instructions to make entry in accordance therewith. The appraiser returned the value of the entire memorial at $555, and advisorily classified the same as dutiable as marble, wholly manufactured into monuments, at 25 percent ad valorem under paragraph 232 (d), as modified by the General Agreement on Tariffs and Trade (T. D. 51802). The court found that the undervaluation on entry was the result of a combination of the error on the part of the shipper in failing to indicate the entire cost of the shipment and the inexperience in customs matters of the petitioner. It was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JANUARY 24, 1952

**No. 56292.**—Pan American Commercial Co. *v.* United States, protest 174503–K (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of pikake shells similar in all material respects to those the subject of Abstract 55389, the claim for free entry under paragraph 1738 was sustained.